LorinGt, J.,
delivered the opinion of the court:
The petitioner, prior to 1840, was a creditor of the ¡State of Texas, and held twenty-five bonds, $500 each, payable with interest at 10 per cent, in gold or silver. The interest was payable 15th of June and December, and the principal was redeemable at the pleasure of the Government after the 30th of June, 1840. By Joint Resolution MaroJilst, 1845, (5 Stat. L., p. 797,) Congress consented to the erection of Texas into a State for admission into the Union; and, by section 2, the State of Texas, when admitted, after ceding to the United States all property and means pertaining to public defense, was to retain all its other property and dues to pay its debts and liabilities, which in no event were to become a charge on the United States.
By Act December 20th, 1845, (9 Stat. L., p. 1,) the laws of the United States were extended over Texas.
By act of September 9, 1850, fixing the boundaries of the State of Texas, and proposing a cession of territory by her to the United States, they proposed to pay Texas ten millions of dollars, of which only five millions were to be paid until the creditors of Texas holding her bonds, &e., should file releases of all claims against the United States.
Texas assented to the proposal. By act of February 28,1855, entitled “ An act to provide for the payment of such creditors of the late republic of Texas as are comprehended in the act of Congress, September 9,1850,” it was enacted that, in lieu of *429 the five millions of dollars payable to Texas by act of September 9,1830, there should be paid to the creditors of Texas who held such bonds seven millions seven hundred and fifty thousand dollars, to be apportioned among them pro rata.
That about the year 18-13 the said bonds of the petitioner were lost or stolen from his possession, and he alleges he filed a caveat with the Treasurer of the United States and the treasurer of Texas. There is no legal evidence that the caveat was filed in the Treasury of the United States. Mr. Jones, chief clerk in the Treasury, was told by a former Auditor, Mr. ■Whittlesey, that the caveat had been filed, but it has been searched for and cannot be found.
In June, 1850, an account between the United States and Edward 0. Boynton, as the holder of eight of the bonds payaable to Mr. Morrell, was adjusted at the Treasury, and the amount due on these bonds was $0,150.38 ; but payment was refused for want of evidence of the indorsement, which was “Abram Morrell, per (pro) Charles L. Carless and P. JSdmundsP The money was placed in the hands of a third person to await proof of ownership, Mr. Morrell having pronounced the indorsement a forgery.
In 1869 and 1870 Mr. Morrell applied at the Treasury for the settlement of his bonds, lost and unpreseuted, and on examination it was found that three of the bonds, viz, Nos. 9, 18, and 16, had been paid in 1S56 to the executors of Josiah Lee.
An account was then settled with Mr. Morrell, in which the three bonds specified, viz, Nos. 9,13, and 16, were not included; and $10,782.87, as the pro-rata dividend on $14,022.85, was paid to Mr. Morrell in currency on the 29th of April, 1870.
Before the said payment was made, ,Mr. Morrell delivered to the Treasury Department a release under seal. It was then •contemplated by the parties that all the bonds specified in said release were to be paid pro rata.
Previous to the examination and settlement in the month of February, 1870, Mr. Morrell applied by letter to tbe Secretary of the Treasury for the payment of his bonds. And during the adjustment of his account he claimed of the Comptroller, and of his chief clerk, who transacted the business with him at tbe Treasury, that the bonds should be paid in gold or silver; and be was told by them that that question must be decided by the Secretary; and after Mr. Morrell learned that he was to be paid *430 in currency, be earnestly asserted that be was entitled to gold. After the payment of Mr. Morrell in currency, as above stated, he wrote a letter to the Secretary, dated May 9,1870, in which he claimed the difference between coin and currency upon the payment made to him April 29,1870. The Secretary rejected the claim.
Mr. Morrell now claims—
1st. The difference between gold or silver and currency on $10,782.87 on April 29, 1870, when the difference was 115§- to HO J-
2d. The amount of the three bonds, Nos. 9,-13,16, with interest from June 15,1840, in gold or silver coin.
And on the facts stated the court find that the claimant is entitled to recover from the United States, in gold or silver coin, the sum of $3,199.16, being the amount due him on the three bonds, Nos. 9,13, and 16, above specified, copies of which are hereto annexed, and judgment is to be rendered therefor.
And the court find, as a conclusion of law, that the United States, by their omission and refusal at the settlement made April 29,1870, to pay said bonds specified as Nos. 9,13, and 16, discharged and excepted them from said release.
As to the claim for the difference between gold or silver and currency on the amount paid April 29, 1870, the four judges who heard the case, divided ; and as to that claim the petition is dismissed.